**CDJ**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAIRE SPENCER | ) Case Number |
| Plaintiff | ) |
| | ) |
| vs. | ) CIVIL COMPLAINT |
| | ) |
| CREDIT BUREAU COLLECTION SERVICES, INC. d/b/a CBCS | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant | ) |

FILED APR 13 2010

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Claire Spencer by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Claire Spencer, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in the Commonwealth of Pennsylvania.

## III. PARTIES

4. Plaintiff, Claire Spencer, is an adult natural person residing at 4310 Fleming Street, Philadelphia, PA 19128. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Credit Bureau Collection Services, Inc. d/b/a CBCS ("Defendant"), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the State of Ohio and the Commonwealth of Pennsylvania with their primary place of business located at 236 E. Town Street, Columbus, Ohio 43215-4631.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or around January 1, 2010, Plaintiff received a letter from Defendant offering her a settlement on an alleged debt owed on Verizon Wireless account 03-88353957. **See Exhibit "A" (settlement letter) attached hereto.**

8. Plaintiff was offered a 50% reduction in the balance that she owed bringing her total due $782.31 down to $391.16.

9. Defendant's settlement offer however includes a "collection fee" of $102.04 which they added to the principal balance due.

10. During that same time in January, 2010, Plaintiff also started receiving phone calls to her personal cell phone from Defendant's agent, "Robin", collecting on the above referenced debt.

11. Plaintiff stated that she did not have any recollection of the debt that they were calling on and requested that Defendant's agent, "Robin", send her validation of the debt.

12. Defendant's agent, "Robin", agreed to send her the validation.

13. In early February, 2010, Plaintiff called Defendant to see why she had not received the validation that she had requested. Defendant's agent, "Robin", told her that it would take a few months for them to get the information from Verizon Wireless.

14. Plaintiff then contacted Verizon directly and was told that they had no record of her account and that it was due impart of the account being too old.

15. As of the beginning of March, 2010, Plaintiff had still not received anything in writing from Defendant validating the above mentioned debt.

16. Around that same time, Plaintiff's parents received a call from Defendant.

17. Defendant's mother was informed by Defendant that they were calling in regards to an outstanding debt.

18. Plaintiff also began receiving calls to her place of employment from Defendant's agent. Plaintiff informed Defendant that she could not get personal calls at work.

19. On or about April 1, 2010, Defendant called Plaintiff at her place of employment and insisted that she give them her social security number. Plaintiff refused.

20. Plaintiff continues to get calls on a daily basis from Defendant and their agents.

21. As of the filing of this complaint Defendant has never produced any validation in this matter.

22. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

23. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

28.     The above paragraphs are hereby incorporated herein by reference.

29.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).20. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(a)(3): | At place of employment when knows that the employer prohibits such communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| | |
|---|---|
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1): | Attempt to collect any amount not authorized by the agreement creating the debt |
| §§ 1692g: | Failure to send the consumer 30-day validation notice within five days of the initial communication |
| §§ 1692g(b): | Collector must cease all collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Credit Bureau Collection Services, Inc. d/b/a CBCS for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit;

d.   Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

30.   Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

31. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

32. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

33. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

34. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

35. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

36. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

37. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

38. The foregoing paragraphs are incorporated herein by reference.

39. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

40. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

41. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

42. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

43. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

### V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: April 6, 2010**

**BY:** */s/ Bruce K. Warren*
Bruce K. Warren, Esquire

**BY:** */s/ Brent F. Vullings*

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff

EXHIBIT "A"

PO BOX 69
COLUMBUS OH 43216



#BWNDVGT *********AUTO**3-DIGIT 191
#030883539576# 179 0009369
CLAIRE M SPENCER
4310 FLEMING ST
PHILADELPHIA PA 19128-4922



January 1, 2010

**\*\*\*SETTLEMENT OFFER\*\*\***

Principal Balance : $680.27
Collection Fee    : $102.04
Total Due         : $782.31
Settlement Offer: $391.16

**Our Client: VERIZON WIRELESS**

Your past due account has been placed with this office for payment. We have been authorized to offer you a settlement on this account if you agree to pay the settlement offer amount listed above, which is a 50% reduction in the balance you owe. To take advantage of this offer, please send payment to our office. In the event you are unable to make the payment as suggested in this letter, please call our office.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

Account Representative
1-888-424-0255

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

**RETURN THIS PORTION WITH YOUR PAYMENT**

Make Payment To:

CBCS
PO BOX 163250
COLUMBUS OH 43216-3250

CLAIRE M SPENCER
Account # :
Balance: $782.31
Settlement Offer: $391.16
VERIZON WIRELESS

179

| IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW | | |
|---|---|---|
| ☐ VISA | ☐ MASTERCARD | |
| CARD NUMBER | EXP. DATE | AMOUNT |
| SIGNATURE | PHONE # (with area code) | |

0308835395700078231